UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNATHAN JOSHUA OSON,

Petitioner,

v.

EDWIN REETZ,

Respondent.

Case No. C26-5860-JHC-SKV

ORDER DENYING APPLICATION FOR COURT-APPOINTED COUNSEL

This matter comes before the Court on Petitioner's Application for Court-Appointed Counsel. Dkt. 12. Petitioner proceeds *pro se* and *in forma pauperis* in this action challenging a judgment of conviction issued by the Clark County Superior Court in Vancouver, Washington. Dkt. 5. Petitioner provides no description of his efforts to retain an attorney and no explanation as to why he requires court-appointed counsel. Dkt. 12 at 2.

Civil litigants do not have a constitutional right to court-appointed counsel, but courts have discretion to request the appointment of counsel for an indigent litigant under "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether "exceptional circumstances" exist, courts consider whether (1) a plaintiff is likely to succeed on the merits, and (2) a plaintiff has the ability to articulate his or her claims

*pro se* in light of the complexity of the legal issues presented in the case. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner has made no showing that he is likely to succeed on the merits or that he is unable to present his case *pro se* due to its complexity. A review of the Petition reveals that Petitioner challenges his detention as unconstitutional because he received ineffective assistance of counsel in connection with the underlying conviction. Dkt. 5 at 7. Petitioner has identified three instances in which, he alleges, counsel failed to provide adequate representation. *Id.* The allegations are not atypical of those raised in this type of litigation or especially complex, and Petitioner states them clearly, suggesting a general ability to effectively articulate his claims. The Petition also indicates that Petitioner brought ineffective assistance of counsel claims in connection with a state court appeal of the conviction, which appeal was denied. Dkt. 5 at 5. On the face of the Petition, therefore, there is no basis for the Court to conclude that exceptional circumstances warrant the appointment of counsel here.

Because Plaintiff has not shown that exceptional circumstances exist, the Court DENIES Plaintiff's motion, Dkt. 12, without prejudice. The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 29th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge